**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

SHADAYAH PEARSON,

                                  Plaintiff,

        - v -                                              Civ. No. 1:17-CV-1189
                                                                    (GTS/DJS)

RENAISSANCE HOTEL ALBANY, *et al*.,

                                  Defendants.
_____

**APPEARANCES:**                              **OF COUNSEL:**

SHADAYAH PEARSON
Plaintiff, *Pro Se*
599 River St., # 7001
Troy, New York 12180

**DANIEL J. STEWART**
**United States Magistrate Judge**

**REPORT-RECOMMENDATION and ORDER**

      The Clerk has sent to the Court for review a Complaint filed by *pro se* Plaintiff Shadayah Pearson. Dkt. No. 1, Compl. Plaintiff has not paid the filing fee, but has instead submitted a Motion to Proceed *In Forma Pauperis* ("IFP"). Dkt. No. 2, IFP App. By separate Order, this Court granted Plaintiff's Motion to Proceed IFP. Now, in accordance with 28 U.S.C. § 1915(e), the Court will *sua sponte* review the sufficiency of the Complaint.

      28 U.S.C. § 1915(e) directs that when a person proceeds IFP, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain her complaint before permitting

her to proceed further with her action.

In reviewing a *pro se* complaint, this Court has a duty to show liberality toward *pro se* litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990), and should exercise "extreme caution . . . in ordering sua sponte dismissal of a pro se complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (emphasis in original) (citations omitted). Therefore, a court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 556). Although the court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id*. at 679 (quoting FED. R. CIV. P. 8(a)(2)). Furthermore, Federal Rule of Civil Procedure 8 "demands more than an unadorned, the-defendant- unlawfully-harmed-me accusation." *Id.* at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). Thus, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id*. (alterations omitted). Allegations that "are so vague as to fail to give the defendants adequate notice of the claims against

them" are subject to dismissal. *Sheehy v. Brown*, 335 F. App'x 102, 104 (2d Cir. 2009).

Plaintiff brings this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. ("Title VII"), as well as the New York Human Rights Law ("NYHRL"), N.Y. EXEC. LAW, § 290 *et seq*. Title VII provides that "[i]t shall be an unlawful employment practice for an employer . . . to fail or refuse to hire or to discharge any individual, or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin[.]" 42 U.S.C. § 2000e–2(a)(1). To state a claim under Title VII, a plaintiff must plead a discrimination claim "that is facially plausible and . . . give[s] fair notice to the defendants of the basis for the claim." *Barbosa v. Continuum Health Partners, Inc*., 716 F. Supp. 2d 210, 215 (S.D.N.Y. 2010).

Plaintiff alleges that while she was employed at Renaissance Hotel she was subjected to discrimination by Defendants Barbara Milstein and David Perry on the basis of her race. Compl. at pp. 4-5.[1] Specifically, after she was called by her son's day care to pick him up early on September 5, 2016, Plaintiff alleges that she was accused of falsifying the emergency and given a disciplinary charge. *Id.* After Plaintiff obtained a note from the day care stating that her son had left early, Defendant Perry allegedly visited the day care and demanded that they confirm that they had provided Plaintiff with the note. *Id.* On September 8, 2016, Plaintiff resigned because she felt she had been discriminated against. *Id.* Plaintiff brings this action against her former employer, Renaissance Hotel, and Barbara Milstein, the housekeeping manager, and David Perry, the human

---

[1] Citations to Plaintiff's Complaint are to the pagination assigned by the Court's Case Management Electronic Case Files ("CM/ECF") System.

resources director.[2]

A plaintiff asserting a discrimination claim under Title VII must file a timely complaint with the EEOC and obtain a right-to-sue letter before proceeding in federal court. *Cornwell v. Robinson*, 23 F.3d 694, 706 (2d Cir. 1994) (citing 42 U.S.C. §§ 2000e–5(e) and (f)); *Legnani v. Alitalia Linee Aeree Italiane, S.P.A.*, 274 F.3d 683, 686 (2d Cir. 2001) ("[A Title VII] claimant may bring suit in federal court only if she has filed a timely complaint with the EEOC and obtained a right-to-sue letter."); *Watson v. Paulson*, 578 F. Supp. 2d 554, 562 (S.D.N.Y. 2008). After receiving a right-to-sue letter, a Title VII claimant has ninety days to commence his or her suit in federal court. *Cornwell v. Robinson*, 23 F.3d at 706 (citing 42 U.S.C. § 2000e–5(f)(1)).

Plaintiff has attached to the Complaint a September 27, 2017 "Determination and Order After Investigation" of the New York Division of Human Rights ("DHR"). *See* Compl. at pp. 8-11. This Determination indicates that Plaintiff's charge was also filed under Title VII, and informed Plaintiff of her right to request review by the EEOC; if Plaintiff chose not to request such review, the EEOC would "generally adopt" the determination of the DHR. *Id.* at p. 10. Plaintiff has not attached, however, a right-to-sue letter from the EEOC. Although in New York a complainant may dual-file a complaint with the DHR and EEOC, *see Pearson v. Pathmark Stores, Inc.*, 2008 WL 2439713, at *1 (E.D.N.Y. June 17, 2008), here, the Court is unable to determine whether Plaintiff has obtained a right-to-sue letter from the EEOC. *See Matthews v. CSX Trans.*, 2017 WL 3835868, at *2

---

[2] In connection with the claims against Defendants Milstein and Perry, the Court notes that it it is well-settled in this Circuit that individuals are not liable under Title VII. *See Tomka v. Seiler Corp.*, 66 F.3d 1295, 1313 (2d Cir. 1995); *see also Wrighten v. Glowski*, 232 F.3d 119, 120 (2d Cir. 2000) (*per curiam*). An individual who has the "power to do more than carry out personnel decisions made by others," however, may be liable under the NYHRL. *Townsend v. Benjamin Enters., Inc.*, 679 F.3d 41, 57 (2d Cir. 2012). Accordingly, to the extent that the Complaint asserts claims under Title VII against Defendants Milstein and Perry, the Court recommends that those claims be **dismissed with prejudice**. Milstein and Perry may remain as Defendants to Plaintiff's NYHRL claim.

(N.D.N.Y. July 6, 2017). For that reason, the Court recommends that Plaintiff's Complaint be **dismissed**. *See Grey v. Promenade Rehab. & Care Ctr.*, 145 F. App'x 705 (2d Cir. 2005).

Due to Plaintiff's *pro se* status, the Court recommends that such dismissal be without prejudice and that Plaintiff be afforded the opportunity to submit an amended complaint. Such amended complaint should include a copy of any right-to-sue letter Plaintiff has received from the EOCC relative to the present claims. Plaintiff is advised that any such amended complaint shall supersede and replace in its entirety the previous Complaint filed by Plaintiff. If this recommendation is accepted and Plaintiff is permitted to amend her Complaint, Plaintiff is further warned that the failure to submit an amended complaint could result in dismissal of this action.

**WHEREFORE**, it is hereby

**RECOMMENDED**, that Plaintiff's claims against Defendants Milstein and Perry under Title VII be **DISMISSED with prejudice**; and it is further

**RECOMMENDED**, that Plaintiff's Complaint (Dkt. No. 1) be otherwise **DISMISSED without prejudice** and that prior to outright dismissal Plaintiff be afforded an opportunity to amend her Complaint, including any right-to-sue letter she has obtained from the EEOC; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[3] days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court.

---

[3] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).

**FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date: November 15, 2017
       Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge