UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SHADAYAH PEARSON,

                             Plaintiff,

                                                              1:17-CV-1189
v.                                                            (GTS/DJS)

RENAISSANCE HOTEL ALBANY;
BARBARA MILSTEIN, Housekeeping Manager; and
DAVID PERRY, Human Resource Director,

                             Defendants.
_____

APPEARANCES:

SHADAYAH PEARSON
  Plaintiff, *Pro Se*
599 River Street, #7001
Troy, New York  12180

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

Currently before the Court, in this employment civil rights action filed *pro se* by

Shadayah Pearson ("Plaintiff") against the Renaissance Hotel Albany and two of its employees

("Defendants"), is United States Magistrate Judge Daniel J. Stewart's Report-Recommendation

recommending that (1) Plaintiff's Title VII claims against the two above-described employees be

*sua sponte* dismissed with prejudice for failure to state a claim, and (2) the remainder of

Plaintiff's Complaint (asserting a Title VII claim against the Renaissance Hotel Albany and

NYHRL claims against the Renaissance Hotel and the two above-described employees) be

dismissed for failure to state a claim *unless* she files an Amended Complaint that includes any

right-to-sue letter that she has obtained from the Equal Employment Opportunity Commission

("EEOC") before bringing this action to federal court.  (Dkt. No. 5.)  Plaintiff has filed an

Objection that, instead of asserting a specific challenge to the Report-Recommendation, attaches a copy of the aforementioned right-to-sue letter. (Dkt. No. 6.)

When no specific challenge is made to a magistrate judge's report-recommendation, the Court subjects that report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition; *see also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999). When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition; *see also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks omitted).

Based upon a review of this matter, the Court can find no clear error in the Report-Recommendation: Magistrate Judge Stewart employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. (Dkt. No. 5.) As a result, the Court accepts and adopts the Report-Recommendation for the reasons stated therein. (*Id.*)

To those reasons, the Court adds only one fact: while special leniency must be offered to *pro se* litigants (including the liberal construction of their responses to motions to dismiss as effectively amending the factually consistent allegations of their complaints), the Court need not, and will not, construe the document attached to Plaintiff's "Objection" as an effective amendment of her Complaint under the circumstances for each of two alternative reasons: (1) doing so would result in piecemeal pleading, which would unnecessarily complicate Defendants'

attempt to answer that pleading; and (2) in any event, the Court would like the benefit of

Magistrate Judge Stewart's views as to whether the document satisfies the pleading deficiency

identified by him (in the event Plaintiff attaches that document to her Amended Complaint).

      **ACCORDINGLY**, it is

      **ORDERED** that Magistrate Judge Stewart's Report-Recommendation (Dkt. No. 5) is

**ACCEPTED** and **ADOPTED** in its entirety; and it is further

      **ORDERED** that Plaintiff's Title VII claims against Defendants Milstein and Perry are

*sua sponte* **DISMISSED** **with prejudice**; and it is further

      **ORDERED** that the remainder of Plaintiff's Complaint (Dkt. No. 1) shall be

**DISMISSED** **unless, within THIRTY (30) DAYS** of the date of this Decision and Order,

Plaintiff files an Amended Complaint that cures the pleading defects identified by Magistrate

Judge Stewart in his Report-Recommendation; and it is further

      **ORDERED** that any Amended Complaint filed by Plaintiff shall be a complete pleading

that supersedes and replaces (and does not incorporate by reference) her original Complaint, and

shall not re-assert her Title VII claims against Defendants Milstein and Perry (which have been

dismissed with prejudice); and it is further

      **ORDERED** that, should Plaintiff file an Amended Complaint within the referenced

thirty-day time period, it shall be referred to Magistrate Judge Stewart for his review.

Dated:     April 2, 2018
            Syracuse, NY

Hon. Glenn T. Suddaby
Chief U.S. District Judge