**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

SHADAYAH PEARSON,

                        Plaintiff,

    - v -                                                      Civ. No. 1:17-CV-1189
                                                                               (GTS/DJS)

RENAISSANCE HOTEL ALBANY,

                        Defendant.

**APPEARANCES:**                        **OF COUNSEL:**

SHADAYAH PEARSON
Plaintiff, *Pro Se*
599 River St., # 7001
Troy, New York 12180

**DANIEL J. STEWART**
**United States Magistrate Judge**

**REPORT-RECOMMENDATION and ORDER**

On October 26, 2017, *pro se* Plaintiff commenced this action pursuant to Title VII of the Civil Rights Act and moved for leave to proceed *in forma pauperis* ("IFP"). Dkt. Nos. 1 & 2. The Court granted Plaintiff's motion to proceed IFP, and conducted an initial review of the Complaint pursuant to 28 U.S.C. § 1915(e). Dkt. No. 5. The Court recommended dismissing Plaintiff's Title VII claims against the individual defendants. *Id.* It also recommended dismissing the Complaint in its entirety because Plaintiff had failed to attach a copy of an EEOC right-to-sue letter, and granting her an opportunity to amend her Complaint to comply with that requirement. *Id.* On December 4, 2017, Plaintiff submitted a copy of her EEOC right-to-sue letter, dated November 27, 2017. Dkt. No. 6. The District Court adopted the Report-Recommendation and Order on April 2, 2018. Dkt. No. 7. Plaintiff filed an Amended Complaint on May 2, 2018, which she brings against

Renaissance Hotel Albany. Dkt. No. 8. The Amended Complaint has been referred to this Court to perform a review of its sufficiency pursuant to 28 U.S.C. § 1915(e). Dkt. No. 7.

28 U.S.C. § 1915(e) directs that when a person proceeds IFP, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain her complaint before permitting her to proceed further with her action.

In reviewing a *pro se* complaint, this Court has a duty to show liberality toward *pro se* litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990), and should exercise "extreme caution . . . in ordering sua sponte dismissal of a pro se complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (emphasis in original) (citations omitted). Therefore, a court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 556). Although the court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id*. at 679 (quoting FED. R. CIV. P. 8(a)(2)). Furthermore, Federal Rule of Civil Procedure 8 "demands more than an unadorned, the-defendant- unlawfully-harmed-me accusation." *Id.* at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). Thus, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id*. (alterations omitted). Allegations that "are so vague as to fail to give the defendants adequate notice of the claims against them" are subject to dismissal. *Sheehy v. Brown*, 335 F. App'x 102, 104 (2d Cir. 2009).

Plaintiff brings this discrimination and retaliation action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), as well as the New York Human Rights Law ("NYHRL"), N.Y. EXEC. LAW, § 290 *et seq*. Title VII provides that "[i]t shall be an unlawful employment practice for an employer . . . to fail or refuse to hire or to discharge any individual, or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin[.]" 42 U.S.C. § 2000e–2(a)(1). To state a claim under Title VII, a plaintiff must plead a discrimination claim "that is facially plausible and . . . give[s] fair notice to the defendants of the basis for the claim." *Barbosa v. Continuum Health Partners, Inc*., 716 F. Supp. 2d 210, 215 (S.D.N.Y. 2010). Plaintiff's state law claims are analyzed under standards similar to the Title VII claim. *Lore v. City of Syracuse*, 670 F.3d 127, 169 (2d Cir. 2012).

Plaintiff alleges that while she was employed at Renaissance Hotel Albany, she was

subjected to discrimination and retaliation. Dkt. No. 8, Am. Compl., pp. 3-6.[1] Specifically, Plaintiff alleges that after she was called by her son's day care to pick him up early on September 5, 2016, she was accused of falsifying the emergency and given a disciplinary charge. *Id.* After Plaintiff obtained a note from the day care stating that her son had left early, Renaissance employees allegedly visited the day care and demanded that the day care confirm it had provided Plaintiff with the note. *Id.* According to the Division of Human Rights Determination and Order After Investigation that Plaintiff attaches to her Amended Complaint, Plaintiff resigned on September 8, 2016 because she felt she had been discriminated against. *Id.* at p. 8.

A plaintiff asserting a discrimination claim under Title VII must file a timely complaint with the EEOC and obtain a right-to-sue letter before proceeding in federal court. *Cornwell v. Robinson*, 23 F.3d 694, 706 (2d Cir. 1994) (citing 42 U.S.C. §§ 2000e–5(e) and (f)); *Legnani v. Alitalia Linee Aeree Italiane, S.P.A.*, 274 F.3d 683, 686 (2d Cir. 2001) ("[A Title VII] claimant may bring suit in federal court only if she has filed a timely complaint with the EEOC and obtained a right-to-sue letter."); *Watson v. Paulson*, 578 F. Supp. 2d 554, 562 (S.D.N.Y. 2008). After receiving a right-to-sue letter, a Title VII claimant has ninety days to commence his or her suit in federal court. *Cornwell v. Robinson*, 23 F.3d at 706 (citing 42 U.S.C. § 2000e–5(f)(1)).

When Plaintiff initially filed her Complaint, she attached a September 27, 2017 "Determination and Order After Investigation" of the New York Division of Human Rights, but failed to attach an EEOC right-to-sue letter. *See* Compl. at pp. 8-11. As such, this Court recommended, and the District Court ordered, that Plaintiff's Complaint be dismissed unless she filed an Amended Complaint that included a right-to-sue letter. Dkt. Nos. 5 & 7 (citing *Matthews*

---

[1] Citations to Plaintiff's Complaints are to the pagination assigned by the Court's Case Management Electronic Case Files ("CM/ECF") System.

*v. CSX Trans.*, 2017 WL 3835868, at *2 (N.D.N.Y. July 6, 2017); *Grey v. Promenade Rehab. & Care Ctr.*, 145 F. App'x 705 (2d Cir. 2005)).

Plaintiff has now attached a copy of the right-to-sue letter she received from the EEOC to her Amended Complaint. Am. Compl. at p. 11. In addition, in her objections to the Report-Recommendation and Order related to the initial review of her original Complaint, Plaintiff submitted a copy of the right-to-sue letter. Dkt. No. 6, p. 2. Plaintiff's right-to-sue letter was dated November 29, 2017; accordingly, in order to comply with the deadline for filing, Plaintiff was to file by February 27, 2018. *Id.* Plaintiff submitted her right-to-sue letter in connection with her objections to the Report-Recommendation and Order on December 4, 2017. *Id.* Plaintiff submitted this within the ninety days as required, and also filed an Amended Complaint within thirty days of the Decision and Order, as required by that decision.

It is well established that "where a plaintiff has received a right to sue letter subsequent to commencement of a Title VII action and while the federal action is still pending, the statutory exhaustion requirements have been met based on equitable principles." *Brunson-Bedi v. New York*, 2018 WL 2084171, *4 (S.D.N.Y. Mar. 1, 2018) (internal quotation marks omitted) (holding that the plaintiff's receipt of the right-to-sue letter "automatically cured her defect of failing to obtain the letter prior to filing suit," even though the plaintiff did not alert the court to its existence until the defendant filed a motion to dismiss); *Dolittle v. Ruffo*, 1991 WL 43021, *12 (N.D.N.Y. Mar. 29, 1991).

Here, while Plaintiff did not file an amended complaint containing the right-to-sue letter within ninety days of receiving the letter, she did submit the letter to the Court in that time, and did file an Amended Complaint with the letter attached within the time period instructed by the District

Court. These actions cure the defect in the original Complaint.

Regarding the substance of Plaintiff's Amended Complaint, she alleges that she was treated disparately from her non-African American coworkers because her employer, *inter alia*, required her to verify her early dismissals, issued her a disciplinary citation, and called and visited her son's daycare. Mindful of the requirement to liberally construe *pro se* pleadings, *see Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008), the Court finds that Plaintiff's Amended Complaint alleges enough to warrant a response.

**WHEREFORE**, it is hereby

**RECOMMENDED**, that Plaintiff's Amended Complaint (Dkt. No. 8) be accepted for filing and that this case be allowed to proceed. In the event these recommendations are adopted by the District Court and this case is approved to proceed, the Clerk of the Court shall return the matter to the undersigned so that an Order can be issued regarding service by the Marshal; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[2] days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. §

---

[2] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).

636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date:  June 1, 2018
       Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge